**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSE DOYLE, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1301-CR-39 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1105-FA-10

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Jesse Doyle, Jr., was convicted of Class A felony attempted child molesting, two counts of Class A felony child molesting while armed with a deadly weapon, and Class C felony intimidation with a deadly weapon. During sentencing, his two child-molesting convictions were merged with his attempted child-molesting conviction to remedy a double-jeopardy violation. Doyle contends that this was done in error, and his two child-molesting convictions should have been vacated instead of merged. Doyle also contends that there is insufficient evidence to sustain his attempted child-molesting conviction and his two child-molesting convictions. The State concedes that Doyle's two child-molesting convictions should have been vacated and we find that there is sufficient evidence to sustain Doyle's attempted child-molesting conviction, so we affirm in part and reverse in part.

## Facts and Procedural History

On April 29, 2011, forty-seven-year-old Doyle was living with his girlfriend and her ten-year-old daughter, H.H. H.H. stayed home sick from school that day and Doyle was responsible for watching her. H.H. knew that Doyle usually kept a gun under his pillow, ammunition in the chest next to the bed, and knives in the bedroom.

H.H. was in Doyle's bed and Doyle began to tickle her and kiss her on her arm and stomach. Doyle then got on top of H.H. and told her, "I'm going to f*** you." State's Ex. 3A, p. 77. H.H. yelled for help, and Doyle closed the window. H.H. ran for the door, but Doyle grabbed her. He then slapped H.H., told her to be quiet, and put his hand over her mouth and nose. Doyle removed H.H.'s pants and spread her genitals apart

2

with his fingers.  He told H.H. to get up, closed the door to his bedroom, and removed his clothing.  H.H. used the connected restroom and then returned to Doyle's room.  Doyle told H.H. to "go lay down on the bed," *id.* at 141, and Doyle rubbed his penis on H.H.'s genitals and said "You have a nice little pussy."  *Id.*  Doyle ejaculated on H.H. and used a towel to wipe his penis and H.H.'s genitals.  He told H.H. to stand up and put her clothes back on.  H.H. then moved to lie down on the couch, but Doyle told her to "come here." *Id.* at 142.  He then showed H.H. a gun and a knife and threatened to kill her if she told anyone.  H.H. "pinky-promised" Doyle that she would not tell anyone what he had done. *Id.*  Doyle then showed H.H. that he was putting a gun in his jacket pocket.  Both Doyle and H.H. went to H.H.'s grandmother's house that evening, and H.H. told her grandmother what Doyle had done to her.  The police arrived at H.H.'s grandmother's house and took H.H. and her mother to Cincinnati Children's Hospital.  Sexual-assault evidence was collected from H.H.

Police were initially unable to find Doyle.  In May 2011, Doyle called his daughter, Tricia, and told her that he had intended to have intercourse with H.H.  Tricia then told the police where Doyle was.  When police arrived at the residence where Tricia said Doyle was, they found him hiding in a back bedroom and his car was hidden at another location.  Doyle admitted to touching H.H. with his penis for approximately thirty seconds.  State's Ex. 28A, p. 314.

The State charged Doyle with Class A felony attempted child molesting, two counts of Class A felony child molesting while armed with a deadly weapon, and Class C felony intimidation with a deadly weapon.  A jury trial was held and Doyle was found

guilty on all counts. At the sentencing hearing, the trial court merged the two Class A felony child molesting while armed with a deadly weapon convictions into the Class A felony attempted child-molesting conviction. It then sentenced Doyle to fifty years for Class A felony attempted child molesting and four years for Class C felony intimidation with a deadly weapon, to be served concurrently.

Doyle now appeals.

**Discussion and Decision**

Doyle raises three arguments on appeal: (1) whether there is sufficient evidence to sustain his Class A felony attempted child-molesting conviction; (2) whether there is sufficient evidence to sustain his two Class A felony child molesting while armed with a deadly weapon convictions; and (3) whether the trial court erred in merging his two Class A felony child-molesting convictions with his attempted child-molesting conviction instead of vacating the convictions.

The State concedes that Doyle's two Class A felony child molesting while armed with a deadly weapon convictions should have been vacated instead of merged to remedy a double-jeopardy violation. Appellee's Br. p. 5-6. We therefore vacate the two merged Class A felony child molesting while armed with a deadly weapon convictions, and need only address Doyle's first argument.

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable

4

to the judgment and the reasonable inferences draw therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Indiana Code section 35-42-4-3 governs child molesting and provides in relevant part:

> (a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if:
> (1) it is committed by a person at least twenty-one (21) years of age;
> . . . .

Attempt is defined at Indiana Code section 35-4-5-1(a), which states, "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." Therefore, to be guilty of Class A felony attempted child molesting, the State must show that Doyle took a substantial step toward performing sexual intercourse on H.H.

The evidence presented at trial shows that forty-seven-year-old Doyle got on top of ten-year-old H.H. and told her, "I'm going to f*** you." State's Ex. 3A, p. 77. Doyle removed H.H.'s pants and spread her genitals apart with his fingers. Doyle then rubbed his penis on H.H.'s genitals for approximately thirty seconds, only stopping when he ejaculated. Doyle's daughter also testified at trial that Doyle had called her after committing the act and told her that he intended to have sexual intercourse with H.H. Tr. p. 160. The reasonable inference to be drawn from Doyle's actions and statements was

that he was attempting to have sexual intercourse with H.H.  We therefore find that the State provided sufficient evidence to sustain Doyle's Class A felony attempted child-molesting conviction.

Affirmed in part, reversed in part.

BAKER, J., and FRIEDLANDER, J., concur.